# hvjc
## HUDSON VALLEY JUSTICE CENTER

**MEMO ENDORSED**

*The Court approves the proposed settlement agreement.*

*Dated: March 14, 2018*

**SO ORDERED:**

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

March 9, 2018

Hon. Judge Nelson S. Román, U.S.D.J.
United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: Alberto, et al. v. Plaza Sweets, Inc., et al., 17-cv-10048-NSR

Dear Judge Román:

I represent the Plaintiffs in this matter and I write on behalf of Plaintiffs and Defendants' counsel, Henry Saurborn. The parties have recently reached an amicable settlement of Plaintiffs' claims against Defendants, which include overtime claims brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Pursuant to the Order of this Court, we respectfully seek approval of the settlement agreement, attached hereto as Exhibit A, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). We also submit a stipulation and proposed order, attached hereto as Exhibit B, to release funds previously deposited with the Court by Defendant Rodney Holder.

Plaintiffs Fior Alberto, Monica Magana Baltazar, Alfonso Baltazar, Nolberto Gomez, Lazaro Armas, Leticia Pacheco, Mamerto Rosales, and Martin Lopez ("Plaintiffs") alleged in the Complaint that they worked in various capacities at the bakery owned by Defendants called "Plaza Sweets" in Mamaroneck, New York, and were not properly paid minimum wage and overtime, as required under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207. Plaintiffs also alleged violations of the New York Labor Law, including failure to pay minimum and overtime wages, failure to pay promised benefits, and violations of statutory notice requirements, and the Employee Retirement (ERISA) for breach of fiduciary duty with respect to deductions from wages for health insurance premiums and cancelations of the employer-sponsored group health insurance plans. Plaintiffs Leticia Hernandez and Jose Luis Lopez filed consent to sue forms in this action on December 29, 2017, and Plaintiff Martha Adames filed her consent to sue on February 5, 2018.

Settlement of Plaintiffs' Claims Against Defendants

Plaintiffs assert that Defendants owe them no less than $20,073.00 in unpaid overtime wages for the time period from January 2012 through December 2017. Defendants' own records of employees' hours and pay reflect that Plaintiffs were paid at a "straight time" rate for all hours worked, even when those hours exceeded 40 in a week. Plaintiffs also assert that Defendants owe them additional wages, reflecting hours worked that were "shaved" from what was recorded

19 Court Street, Suite 400, White Plains, NY 10601 – Tel: 914-308-3490 – www.hvjc.org

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2018

and compensated – albeit without an overtime premium – through their weekly payroll checks. It is difficult to quantify the potential value of these claims for unpaid wages, as Defendants were unable to produce their original timekeeping records and Plaintiffs experienced the shaving of their hours by their supervisors as fairly unpredictable, as opposed to a pattern of subtracting a certain number of hours per week.

Plaintiffs' counsel and Defendants, and, once retained, Defendants' counsel, engaged in arms-length settlement negotiations to resolve the case in its early stages. Plaintiffs are low-wage workers who are primarily interested in a monetary settlement which would allow them to quickly receive what they believe is owed to them, without the need to engage in protracted litigation and potentially jeopardize their current income and employment due to the need to miss work to prosecute their case. Defendants dispute certain of Plaintiffs' claims – and in particular, deny that any hours were worked that were not reflected on employees' pay records – and feel that the associated costs of continuing to litigate this case weigh heavily in favor of settlement.

We have included a copy of the settlement agreement to be signed by the Plaintiffs and the Defendants for your review. The settlement agreement will be orally translated into Spanish by a competent bilingual individual and read to Plaintiffs in Spanish before they sign the agreement. Immediately after Plaintiffs sign the agreement, the translator will complete and have notarized a declaration of translation describing this process.

Of the total settlement amount of $59,100, $54,788 will be disbursed to Plaintiffs. This amount reflects the amount of owed overtime wages corroborated by Defendants' records, an equal amount in liquidated damages, the amounts Plaintiffs believe are owed to them as unused paid vacation time, the amounts Plaintiffs believe are owed to them for wrongfully deducted health insurance premiums and bills associated with the lapses in employer-sponsored health insurance, and part of the total damages that could be assessed against Defendants for violations of the notice and recordkeeping provisions of the New York Labor Law. None of the settlement amount reflects wages for "shaved" hours, which are not reflected in Defendants' records but which Plaintiffs would seek to prove at trial. From the Plaintiffs' perspective, the prompt payment of wages and damages is far preferable to continued litigation and the potential risk of obtaining a judgement against a bakery that has, since the filing of the Complaint, ceased operations and closed. Under the settlement terms, Plaintiffs will receive two payments each: (1) one initial payment reflecting their liquidated damages for overtime violations and damages for all non-wage claims, from which no deductions should be made and for which Defendants should issue a 1099; and (2) a second payment reflecting their total owed overtime wages, from which payroll deductions should be made, and for which Defendants should issue a W-2. The settlement agreement provides that if Defendants fail to make these payments, the case shall be restored to the court's docket for entry of judgment jointly and severally against all Defendants in the amount of $70,920, minus any payments made and all other appropriate enforcement of this settlement agreement.

Attorney's Fees

Of the total settlement amount of $59,100, $4,312 will be paid to Plaintiffs' counsel, the Hudson Valley Justice Center (HVJC): $676 to reimburse HVJC for costs of the litigation, and

$3,636 as attorney's fees. As a non-profit public interest law firm, HVJC represents low-income clients without cost to the clients. None of the settlement funds described above as being paid to Plaintiffs will later be paid as fees to HVJC. In light of the hours worked by Plaintiffs' counsel and the average hourly rates for attorneys of similar experience practicing in the Southern District of New York, we believe the amount of attorneys' fees, which comprise approximately 6% of the total settlement amount, is both fair and reasonable.

For the reasons stated above, counsel for all parties respectfully requests that the Court approve the settlement agreement in this case.

Thank you for your consideration.

Respectfully submitted,

Maureen Hussain, Esq.